UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO.: 1:25-CR-00062-5 |
| | ) | |
| GERARD ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION REQUESTING ADDITIONAL PEREMPTORY CHALLENGES**

Mr. Gerard Robertson, a defendant in the above captioned criminal matter, by and through undersigned counsel, hereby moves the Court, pursuant to the Sixth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 24, to allow Mr. Robertson additional peremptory challenges during jury selection at the trial of this case, showing the Court as follows:

## I. **BACKGROUND**.

On or about September 4, 2025, the federal grand jury for the Southern District of Georgia returned a 41-page Indictment against Mr. Roberston, as well as *seven* other defendants. *See* Doc. No. 3, Indictment. That Indictment contains twenty-six counts, alleging a wide range of sophisticated charges, including two overarching conspiracy charges, bank fraud, wire fraud, and tax charges. *See id*. The charges allege the defendants conspired over a twenty-year period. *See id.*, Count One.

Mr. Robertson is charged in Count One, Conspiracy to Commit Bank Fraud, along with five other Defendants. *See id*. In addition, Mr. Robertson, is charged in Count Four, Conspiracy to Commit Wire Fraud, along with three other defendants.

*See id.* Mr. Robertson is not charged in any of the other twenty-four substantive counts. *See id.*

Importantly, if each of these defendants were tried individually, then each defendant would have the right to exercise ten peremptory challenges to strike those jurors he believed could not be fair and impartial. Here, though, all eight defendants in this case are going to be tried together. Accordingly, additional peremptory challenges are the only way to ensure a fair and unbiased jury for *each* defendant.

## II. <u>LEGAL ARGUMENT AND CITATION TO AUTHORITY</u>.

The Sixth Amendment to the United States Constitution provides in relevant part "the accused shall enjoy the right to a speedy and public trial, by an impartial jury…" U.S. Const. Amend. VI.

Fed. R. Crim. P. 24(b) provides the Court with broad discretion to "allow additional peremptory challenges to multiple defendants and may allow the defendants to exercise those challenges separately or jointly." Courts routinely exercise this discretion where additional peremptory challenges are necessary to ensure a fair and impartial jury. This is because "[t]he presence of even a single biased juror deprives a defendant of his right to an impartial jury." *U.S. v. Dimora*, 2011 WL 5361129 at *6 (N.D. Ohio Oct. 31, 2011); *see also*, *Skilling v. U.S.*, 561 U.S. 358, 388 n.21 (2010) (peremptory challenges provide protection against prejudice).

The number of defendants, complexity of the case, and likelihood of biased jurors in the venire pool counsel in favor of additional peremptory challenges. For example, in *United States v. Battle*, 1997 WL 447814 (D. Kan. June 27, 1997), *aff'd*

*in part*, 188 F.3d 519 (10th Cir. 1999), which involved four defendants, the court permitted each defendant to exercise three peremptory challenges to ensure a fair trial. *Id.* at *21-22. Similarly, in *United States v. Hasan*, 747 F. Supp. 2d 642 (E.D. Va. 2010), *aff'd sub nom. United States v. Dire*, 680 F.3d 446 (4th Cir. 2012), which involved five defendants, the court provided the defendants with additional peremptory challenges to ensure an unbiased jury. *Id.* at 699 ("While providing additional peremptory challenges may protract jury selection to some degree, it is unlikely to be unduly burdensome, especially in light of the novelty and complexity of this case. In any event, the Court finds it to be an appropriate safeguard to ensure that Defendants are afforded a fair trial"); *see also*, *United States v. Marr*, 2017 U.S. Dist. LEXIS 68910, at *22 (N.D. Cal. Apr. 28, 2017) (granting two additional peremptory challenges where the defendants were implicated in anti-trust conspiracies); *United States v. Rodriguez-Landa*, 2019 U.S. Dist. LEXIS 27793, at **58-59 (C.D. Cal. Feb. 13, 2019) (permitting each defendant to exercise one additional peremptory challenge in addition to the ten provided by Rule 24(b)(2)); *U.S. v. Toushin*, 714 F. Supp. 1452, 1464 (M.D. Tenn. 1989) (permitting one additional challenge per defendant); *United States* v. Cordero, 1998 U.S. Dist. LEXIS 1266, at *11 (N.D.N.Y. Jan. 30, 1998) (granting conditional request for additional peremptory challenges in complex drug conspiracy).

Here, this case presents compelling reasons for granting the eight defendants additional peremptory challenges, including:

- There are eight defendants in this case;

- The charges in this case are complex and so wide ranging as to cover more than twenty years of alleged conduct by the defendants;
- The government has chosen to include superfluous issues in this indictment, most notably, the alleged religious practices of the defendants, all of which may necessitate additional strikes to root out bias and partiality to these superfluous issues;
- This case has generated pretrial publicity in the venue in which the case is to be tried;
- The vast amount of potential witnesses and other individuals associated with this case create a strong likelihood that at least some of these individuals will be known to the jury pool;
- Although the defendants will likely have defense similarities, each has defenses that are unique to him; and
- Defendants already will be exercising peremptory strikes and will exercise these additional strikes in an efficient manner so as not to unduly prolong jury selection.

Thus, on balance, a modest number of additional preemptory challenges is warranted to ensure a fair and impartial jury.

## III. CONCLUSION.

Wherefore Mr. Gerard respectfully requests that the Court grant this Motion and provide him with an additional number of peremptory challenges at the trial of this case.

Respectfully submitted, this 30th day of September, 2026.

**GILLEN LAKE & CLARK, LLC**

C. Troy Clark
________________________

C. Troy Clark
Georgia Bar No. 811674
GILLEN LAKE & CLARK, LLC
1450 Greene Street, Suite 3600
Augusta, Georgia 30901
T: (706) 631-4925
F: (404) 842-9750
E: tclark@glcfirm.com

*Counsel for Defendant*
*Gerard Robertson*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing **MOTION REQUESTING ADDITIONAL PEREMPTORY CHALLENGES** on all the parties in this case in accordance with the notice of electronic filing (CM/ECF) which was generated as a result of electronically filing this document with the Court.

This 30th day of September, 2026.

**GILLEN LAKE & CLARK, LLC**

C. Troy Clark
______________________________

C. Troy Clark
Georgia Bar No. 811674
GILLEN LAKE & CLARK, LLC
1450 Greene Street, Suite 3600
Augusta, Georgia 30901
T: (706) 631-4925
F: (404) 842-9750
E: tclark@glcfirm.com

*Counsel for Defendant*
*Gerard Robertson*