UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT NO.: 1:25-CR-00062-5 |
| | ) | |
| GERARD ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE PREJUDICIAL SURPLUSAGE IN INDICTMENT**

Mr. Gerard Robertson, a defendant in the above captioned criminal matter, by and through undersigned counsel, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 7(d) to strike the specific prejudicial and irrelevant language identified below from the Indictment, insofar as it is alleged against him, showing the Court as follows:

## I. THE INDICTMENT.

On or about September 4, 2025, the federal grand jury for the Southern District of Georgia returned a 41-page Indictment against Mr. Roberston, as well as *seven* other defendants. *See* Doc. No. 3, Indictment.

Mr. Robertson is charged in Count One, Conspiracy to Commit Bank Fraud, along with five other Defendants. *See id.* In addition, Mr. Robertson, is charged in Count Four, Conspiracy to Commit Wire Fraud, along with three other defendants. *See id.* Mr. Robertson is not charged in any of the other twenty-four substantive counts. *See id.*

Importantly, the government chose to incorporate its "Introductory Allegations" into Count One and Count Four. *See* Doc. No. 3, Paragraphs The incorporation language matters. Thus, the entire introductory narrative is repeated as part of every count against Mr. Robertson.

## II. **ARGUMENT AND CITATION TO AUTHORITY**.

Rule 7(c)(1) requires a plain, concise, and definite statement of the essential facts constituting the offense. Rule 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." The 1944 Advisory Committee Note explains that the provision protects defendants against immaterial or irrelevant allegations that may nevertheless be prejudicial.

Mr. Robertson respectfully requests that the following allegations be struck from the Indictment as irrelevant, immaterial, and prejudicial:

¶ 15: "Many of the HOPCC locations were established…for easier indoctrination of military members."

¶ 18: At times the Defendants received funds…which were classified using terms including: "ministerial love offering," and "love offering."

¶ 20: "…Labat exercised extreme control and manipulation..."

¶ 21: "As part of the control and manipulation…"

¶ 22: "As part of the control and manipulation, Oloans maintained dozens of HOPCC members' personally identifiable information, including driver's licenses and Social Security number to use for Defendants' benefit."

¶ 23: "As part of the control and manipulation, the Defendants had some members sign N0n-Disclosure Agreements."

¶ 24: "As part of the control and manipulation, Denis at times arranged marriages and orchestrated divorces among HOPCC members."

¶ 25: "As part of the control and manipulation, Denis and Oloans directed HOPCC members to live in rental properties, which were purchased using straw buyers which generated rental income that flowed to the Defendants."

¶ 26: "As part of the control and manipulation, HOPCC members were expected to attend the organization's gatherings and meetings on a virtual daily basis and were expected to receive permission from a person in authority, to include Denis and Robertson, to be absent from gatherings and meetings."

¶ 27: "As part of the control and manipulation, HOPCC members were directed by the church leadership to recruit military personnel to join HOPCC using a technique called "soul winning."

¶ 28: "As part of the control and manipulation, HOlPCC members were expected to report infractions and violations of established rules to HOPCC leadership, which included Denis, Oloans, Fryar, Nostrant, Roberston, Reip, Garcia, and Labat."

¶ 29: "As part of the control and manipulation, HOPBS students would be "counseled" in writing for infractions of "Student Conduct," to include such things as texting a person of the opposite gender; wearing "worldly and unbecoming" attire; "insubordination;" "Defiance;" and "Sewing Discord and sedition."

¶ 30: "As part of the control and manipulation, Denis castigated and humiliated congregants both in private and in front of other members of the HOPCC for purported violations of the expected standards of conduct."

¶ 31: "As part of the control and manipulation, HOPCC members were expected not to have contact with former members, including family. Some former members were maintained on a list entitled "Ex-HOPCC Traitors."

## III. **CONCLUSION**.

Wherefore Mr. Gerard respectfully requests that the Court grant this Motion and strike the irrelevant, immaterial, and prejudicial allegations from the Indictment in this case in order to afford Mr. Gerard his guaranteed right to a fair and impartial trial.

Respectfully submitted, this 30th day of September, 2026.

**GILLEN LAKE & CLARK, LLC**

C. Troy Clark

C. Troy Clark
Georgia Bar No. 811674
GILLEN LAKE & CLARK, LLC
1450 Greene Street, Suite 3600
Augusta, Georgia 30901
T: (706) 631-4925
F: (404) 842-9750
E: tclark@glcfirm.com

*Counsel for Defendant*
*Gerard Robertson*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **MOTION TO STIKE** on all the parties in this case in accordance with the notice of electronic filing (CM/ECF) which was generated as a result of electronically filing this document with the Court.

This 30th day of September, 2026.

**GILLEN LAKE & CLARK, LLC**

C. Troy Clark
Georgia Bar No. 811674
GILLEN LAKE & CLARK, LLC
1450 Greene Street, Suite 3600
Augusta, Georgia 30901
T: (706) 631-4925
F: (404) 842-9750
E: tclark@glcfirm.com

*Counsel for Defendant*
*Gerard Robertson*